1
2
3
4
5
6           **UNITED STATES DISTRICT COURT**
7              **DISTRICT OF NEVADA**
8
9    JEREMIE JOHNSON,
10         *Petitioner*,                           3:15-cv-00315-RCJ-WGC
11   vs.
12   STATE OF NEVADA,                              ORDER
13         *Respondents*.
14
15          This is a habeas corpus proceeding under 28 U.S.C. § 2254.  Petitioner, Jeremie Johnson, has
16   filed a motion for leave to proceed *in forma pauperis* and a financial certificate (ECF No. 1) which
17   show that he is unable to pay the filing fee of $5.00 required to initiate this action.   Accordingly, his
18   motion for leave to proceed *in forma pauperis* shall be granted.
19          In reviewing the petition under Rule 4 of the Rules Governing Section 2254 Cases, the court
20   notes that Johnson failed to include dates that assist this court in determining whether Johnson initiated
21   this action within the one-year limitation period in 28 U.S.C.§2244(d)(1). However, the online records
22   of the Nevada Court of Appeals include a an order issued by that court on April 15, 2015, which
23   indicates that Johnson's judgment of conviction was entered on November 30, 2012, and that Johnson
24   did not file a direct appeal.[1]  That order and Johnson's petition also indicate that Johnson did not file
25   his first state post-conviction petition until September 14, 2014.
26          Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the court *sua sponte* raises the
27
28   _____
        [1]  http://nvcourts.gov/Supreme/Decisions/Court_of_Appeals/Unpublished_Orders/

1    question of whether the petition is time-barred for failure to file the petition within the one-year
2    limitation period in 28 U.S.C. § 2244(d)(1).  Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year
3    limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date
4    on which the judgment became final by the conclusion of direct review or the expiration of the time for
5    seeking such direct review."

6           So, in the present case, the limitation period began running after the time expired for taking a
7    direct appeal, *i.e.*, on Monday, December 31, 2012.  Absent tolling or delayed accrual, the limitation
8    period expired one year later on Tuesday, December 31, 2013.

9           Under 28 U.S.C. § 2244(d)(2), the federal limitation period is statutorily tolled during the
10   pendency of a properly filed application for state post-conviction relief or for other state collateral
11   review.  Even allowing that Johnson's state post-conviction petition was properly filed for this purpose,
12   however, it appears that the federal limitation period expired over a year before that petition was filed.

13          Petitioner therefore must show cause in writing why the petition should not be dismissed with
14   prejudice as time-barred.

15          In this regard, petitioner is informed that the one-year limitation period may be equitably tolled.
16   Equitable tolling is appropriate only if the petitioner can show:  (1) that he has been pursuing his rights
17   diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.
18   *Holland v. Florida*, 130 S.Ct. 2549, 1085 (2010).  Equitable tolling is "unavailable in most cases," *Miles*
19   *v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling
20   is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.
21   2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).  The petitioner
22   ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065.  He
23   must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his
24   filing.  *E.g.*, *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).  *Accord Bryant v. Arizona Attorney*
25   *General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

26          In addition, under certain circumstances, the one-year limitation period may begin running on
27   a later date or may be statutorily tolled.  *See* 28 U.S.C. § 2244(d)(1)(B-D) & (d)(2).

28          Finally, Johnson has also filed a motion for appointment of counsel.  ECF No. 5.  Pursuant to

18 U.S.C. §3006A(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation.  There is no constitutional right to appointed counsel for a federal habeas corpus proceeding.  *Pennsylvania v. Finley*, 481 U.S. 551, 555(1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).  The decision to appoint counsel is generally discretionary.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).  However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims.  *See Chaney*, 801 F.2d at1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

The petition on file in this action is sufficiently clear in presenting the issues that petitioner wishes to bring.  Also, the issues in this case are not particularly complex.  It does not appear that counsel is justified in this instance.  Petitioner's motion for the appointment of counsel is denied.

**IT IS THEREFORE  ORDERED**  that petitioner's motion for leave to proceed *in forma pauperis* (ECF No. 1) is GRANTED *nunc pro tunc* as of June 26, 2015.

**IT FURTHER IS ORDERED** that, within **thirty (30) days** of entry of this order, petitioner shall **show cause** in writing why the petition should not be dismissed with prejudice as time-barred. If petitioner does not timely respond to this order, the petition will be dismissed with prejudice as time-barred without further advance notice.  If petitioner responds but fails to show – with specific, detailed and competent evidence – that the petition is timely, the action will be dismissed with prejudice.

**IT FURTHER IS ORDERED** that all assertions of fact made by petitioner in response to this show-cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence.  The court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely.  Unsupported assertions of fact will be disregarded.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF No.

1    5) is DENIED.

2          DATED: This 9th day of November, 2015.

3

4    _____

5              UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28