1
2
3
4
5
6
7                        **UNITED STATES DISTRICT COURT**
8                            **DISTRICT OF NEVADA**
9
10
11   JEREMIE JOHNSON,
12          *Petitioner*,                           3:15-cv-00315-RCJ-WGC
13   vs.
14                                                   ORDER
15   STATE OF NEVADA,
16          *Respondents*.
17

On November 9, 2015, this court entered an order directing petitioner Johnson to show cause why this action should not be dismissed as untimely under 28 U.S.C. § 2244(d)(1). ECF No. 9. Johnson has filed his response to that order. ECF No. 10. For reasons that follow, the court shall dismiss this action with prejudice.

As an initial matter, Johnson does not dispute the relevant procedural history contained in the November 9 order, thus the court is left to assume that it is correct. Johnson's judgment of conviction was entered on November 30, 2012, and Johnson did not file a direct appeal. In addition, Johnson did not file his first state post-conviction petition until September 14, 2014. On April 15, 2015, the Nevada Court of Appeals dismissed that proceeding as untimely under Nevada law. A remittitur concluding that case was issued by the Nevada Supreme Court on May 12, 2015.

On June 11, 2015. Johnson mailed an application to proceed *in forma pauperis* to this court.

1   ECF No. 5.  He submitted his federal habeas petition approximately ten days later.[1]  ECF No. 6.

2       Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the court *sua sponte* raises the

3   question of whether the petition is time-barred for failure to file the petition within the one-year

4   limitation period in 28 U.S.C. § 2244(d)(1).  Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year

5   limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on

6   which the judgment became final by the conclusion of direct review or the expiration of the time for

7   seeking such direct review."

8       So, in the present case, the limitation period began running after the time expired for taking a

9   direct appeal, *i.e.*, on Monday, December 31, 2012.  Absent tolling or delayed accrual, the limitation

10  period expired one year later on Tuesday, December 31, 2013.

11      Under 28 U.S.C. § 2244(d)(2), the federal limitation period is statutorily tolled during the

12  pendency of a properly filed application for state post-conviction relief or for other state collateral

13  review.   When a post-conviction petition is untimely under state law, it is not "properly filed" for the

14  purposes of statutory tolling.  *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).  As noted the Nevada

15  Supreme Court dismissed Johnson's petition as untimely.  But even if the state petition were to be

16  considered "properly filed," the federal limitation period expired more than eight months before it was

17  filed.

18      The one-year limitation period may be equitably tolled.  Equitable tolling is appropriate only if

19  the petitioner can show:  (1) that he has been pursuing his rights diligently, and (2) that some

20  extraordinary circumstance stood in his way and prevented timely filing.  *Holland v. Florida*, 130 S.Ct.

21  2549, 1085 (2010).  Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104,

22  1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the

23  exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United

24  States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).  The petitioner ultimately has the burden of

25  _____

26      [1]  Johnson omitted from his petition the date on which he mailed his petition to the court.
    ECF No. 6.  However, he dated the petition June 21, 2015, and the court received it on June 26,
27  2015.  *Id*.

28                                                    -2-

1   proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065.  He must demonstrate a causal

2   relationship between the extraordinary circumstance and the lateness of his filing.  *E.g.*, *Spitsyn v.*

3   *Moore*, 345 F.3d 796, 799 (9th Cir. 2003).  *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056,

4   1061 (9th Cir. 2007).

5          Here, Johnson contends that he lacks an understanding of the of the post-conviction process and

6   the circumstances of his incarceration prevent him from accessing adequate legal resources.  ECF No.

7   10.  He also complains that his state trial counsel failed to file a direct appeal on his behalf and did not

8   adequately inform him how to proceed.  *Id*.  He also claims that he just recently received the "proper

9   paperwork" necessary to proceed.  *Id*.  Lastly, he contends that a witness, Jamie Butler, can provide

10   exculpatory information in his case, but he has been unable to obtain an affidavit from her because she

11   is also incarcerated.  *Id*.

12          With respect to Johnson's claimed lack of legal knowledge, ignorance of the law is routinely

13   rejected as a basis for equitable tolling.  *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006)

14   (collecting cases from other circuits and holding that "a pro se petitioner's lack of legal sophistication

15   is not, by itself, an extraordinary circumstance"); *see also Johnson v. United States*, 544 U.S. 295, 311

16   (2005) (in the parallel 28 U.S.C. § 2255 context, rejecting a movant/prisoner's attempt to justify his lack

17   of diligence based on his pro se status and lack of legal sophistication, and stating: "we have never

18   accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention

19   when a statute's clear policy calls for promptness"); *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009)

20   (observing that the equitable tolling "standard has never been satisfied by a petitioner's confusion or

21   ignorance of the law alone"); *Waldron–Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n.4 (9th Cir. 2009)

22   ("a pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable

23   tolling").

24          In certain circumstances, a lack of access to legal resources may be an extraordinary

25   circumstance warranting equitable tolling.  *See, e.g., Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th

26   Cir.2000) (en banc) (finding that unavailability of a copy of the AEDPA in a prison law library could be

27   grounds for equitable tolling).  However, Johnson has not pointed to any specific materials to which he

28   did not have access.  Instead, his complaints are generalized, and he does not show how his lack of legal

1    resources prevented him from filing a federal habeas petition while the statute of limitations was running.

2        As for blaming trial counsel for his late filing, counsel sent Johnson a letter dated January 2,

3    2013, in which counsel conceded that he had failed to file a timely direct appeal. ECF No. 10, p. 4. That

4    same letter, however, advised Johnson that "[i]t is important you do not delay in filing your post-

5    conviction habeas petition," that "[t]here a time deadlines governing these matters," and that he should

6    "[t]ry to get it filed within the next 30 days." *Id.* Notwithstanding this advice, Johnson waited until

7    September 2014 to file his state habeas petition.

8        Johnson also fails to demonstrate how a delay in receiving "proper paperwork" prevented him

9    from filing a timely petition. He does not specify what paperwork he was lacking, how it prevented him

10   from proceeding in state court, or when he actually received the paperwork.

11       Likewise, Johnson has not shown how his inability to obtain an affidavit from Jamie Butler was

12   the cause of his delay in proceeding in state court. According Johnson, Jamie Butler can verify that

13   Johnson had a peaceful interaction with the victim subsequent to a threatening text message and prior

14   to the victim's death. ECF No. 10, p. 2. Any claim that the lack of Butler's affidavit was an impediment

15   to proceeding in state court is belied by the fact that Johnson did, in fact, file a post-conviction petition

16   in state court (albeit a late one) without it. Also, because the information Butler can allegedly provide

17   was readily available to Johnson at the time of trial, it is not the type of evidence that would provide

18   grounds for a later trigger date of the one-year filing period (*see* 28 U.S.C. § 2244(d)(1)(D)) or for

19   equitable tolling (*see McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013)).

20       In sum, Johnson has not established the existence of extraordinary circumstances that prevented

21   him from seeking federal habeas relief in a timely manner. In addition, there has been no showing that

22   the one-year limitation period began running on a later date or that statutorily tolling renders the petition

23   timely. *See* 28 U.S.C. § 2244(d)(1)(B-D) & (d)(2). Thus, his petition shall be dismissed with prejudice.

24       **IT IS THEREFORE ORDERED** that petitioner's petition for writ of habeas corpus (ECF

25   No. 6) is DISMISSED with prejudice as untimely. The Clerk shall **enter** judgment accordingly.

26       **IT IS FURTHER ORDERED** that the court declines to issue certificate of appealability.

27   \ \ \

28       **IT IS FURTHER ORDERED** that the Clerk shall **serve** a copy of the petition and this order

-4-

on the respondents.

DATED: This 12th day of April, 2016.

_____

UNITED STATES DISTRICT JUDGE